W. N. Stevenson Co., Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 8854.  Promulgated June 28, 1927.

1. Deductions claimed not allowed due to lack of evidence.
2. Value of good will purchased not proven.

*Cyrus Williams, C. P. A.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

This proceeding involves a redetermination of income and profits taxes for the year 1921, in the amount of $2,104.86. The errors assigned are (1) disallowance as a deduction of $150 paid to a salesman in appreciation of his services; (2) disallowance as a deduction of a worthless debt reserve in the amount of $2,809.44; (3) elimination from invested capital of an item of $10,250, representing good will acquired from W. N. Stevenson & Co.; and (4) certain errors in the adjustment of invested capital.

FINDINGS OF FACT.

The petitioner is a New York corporation, with its principal office at 1115 Broadway, New York City. Petitioner was organized in 1913, and in the early part of that year, acquired the business of W. N. Stevenson who for many years had successfully conducted an umbrella manufacturing business under the name of W. N. Stevenson & Co. At the date of its organization, petitioner issued $20,000 par value common stock to represent what it considered the value of the good will thus acquired. The said good will had no value.

The petitioner, in the year 1921, gave $150 to one of its salesmen.

OPINION.

MILLIKEN: This petitioner has failed to prove the facts which it alleged in its petition and has attempted to prove facts which it has not alleged. Thus, petitioner has produced no evidence whatever as to the following alleged errors of which it complains, i. e., the gift of $150 to one of its salesmen; its alleged bad debt reserve, and the alleged errors with respect to adjustment of invested capital. On the other hand, while alleging in its petition that the good will which it seeks to include in its invested capital was acquired when it took over the business of W. N. Stevenson & Co., it attempts to prove that it acquired additional good will when it purchased in 1918 the business of Arnold, Schiff & Co. There is no allegation in the petition relative to this purchase.

While, by reason of the answer of respondent, it appears that petitioner issued $20,000 par value of its common stock as the measure of the value of its good will, it nowhere appears to whom this common stock was issued. It does not appear and we have not the right to presume that the good will was paid in for this stock. From all that appears in the record, Stevenson may have sold his business for cash. Neither has petitioner produced proof of the value, if any, of the good will which it seeks to include in its invested capital, or whether such good will was acquired from Stevenson or from Arnold, Schiff & Co. None of the witnesses put a definite value on the good will, nor are there any facts in the record from which the value of the good will may be deduced. The respondent has denied that the good will had value. The burden to prove, not only that the good will had value, but what that value was, rests upon petitioner.

There are many relevant facts stated in the brief filed by the petitioner, but, unfortunately, he has failed to place these facts in the record. We can only determine questions on fact presented by the

record. We can not decide cases on statements contained only in briefs.

*Judgment will be entered for the respondent.*